UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARIO CAVIN, )
 )
      Petitioner, )   Case No. 1:05-cv-140
 )
v. )   Honorable Richard Alan Enslen
 )
HUGH WOLFENBARGER, )
 )
      Respondent. )
_____)

**ORDER DENYING MOTION FOR LEAVE
TO AMEND HABEAS PETITION**

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Petitioner filed his petition for writ of habeas corpus on February 23, 2005, and Respondent filed a response on September 6, 2005. This matter is presently before the Court upon Petitioner's "Motion For Leave to Amend Habeas Petition to Support His Claims of Ineffective Assistance of Counsel and Abuse of Discretion." (Dkt. No. 45).

Petitioner seeks leave to raise claims of ineffective assistance of counsel and abuse of discretion by the trial court based on the claim that his appellate counsel did not require him to be present at the hearing on his motion to withdraw guilty plea, and the trial judge failed to order his presence. A district court may deny leave to amend when the proposed amendment would be futile. *Foman v. Davis,* 371 U.S. 178, 182 (1962); *Kottmyer v. Maas*, 436 F.3d 684, 692 (6th Cir. 2006). The Court will deny Petitioner's Motion because his proposed amendments are futile.

Before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Petitioner concedes that the claims he seeks to bring have never been presented to the state courts, and, therefore, have not been exhausted. Because Petitioner has completed his direct appeal and pursued his motion for relief from judgment through the Michigan Supreme Court, he has no further state remedies available. Where there are no further state remedies available, the claim is procedurally defaulted and the federal court must determine whether the petitioner has shown cause and prejudice to excuse the failure to present the claim in state court, or actual innocence. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *Murray v. Carrier*, 477 U.S. 476, 485 (1986); *Lucas v. O'Dea*, 179 F.3d 412, 418 (6th Cir. 1999); *Rust v. Zent*, 17 F.3d 155, 160-61 (6th Cir. 1994). To show cause sufficient to excuse a failure to raise claims on direct appeal, Petitioner must point to "some objective factor external to the defense" that prevented him from raising the issue in his first appeal. *Murray*, 477 U.S. at 488; *see also McCleskey v. Zant*, 499 U.S. 467, 497 (1991). Where a petitioner fails to show cause, the court need not consider whether he has established prejudice. *See Engle v. Isaac*, 456 U.S. 107, 134 n.43 (1982); *Leroy v. Marshall*, 757 F.2d 94, 100 (6th Cir. 1985).

Petitioner's explanation for his failure to raise his proposed claims on direct review or in his motion for relief from judgment is that he "just realized that he had a constitutional right to be present" at the hearing on his motion to withdraw guilty plea. It is well established, however, that "a petitioner's *pro se* status and ignorance of his rights do not constitute cause." *Hannah v. Conley*, 49 F.3d 1193, 1197 (6th Cir. 1995), *citing Ewing v. McMackin*, 799 F.2d 1143, 1151 (6th Cir. 1986); *accord Bonilla v. Hurley*, 370 F.3d 494, 498

(6th Cir. 2004); *Gentry v. Trippet*, 956 F. Supp. 1320, 1327 (E.D. Mich. 1997).  Petitioner has presented no evidence of actual innocence.  According,

        **IT IS HEREBY ORDERED** that Petitioner Mario Cavin's Motion for Leave to Amend Habeas Petition (Dkt. No. 46) is **DENIED**.

|  |  |
|---|---|
| DATED in Kalamazoo, MI:<br>    November 17, 2006 | /s/ Richard Alan Enslen<br>RICHARD ALAN ENSLEN<br>SENIOR UNITED STATES DISTRICT JUDGE |