UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARIO CAVIN,

        Petitioner,        Case No. 1:05-CV-140

v.        Hon. Richard Alan Enslen

HUGH WOLFENBARGER,

        Respondent.
_____/

**OPINION**

This is a habeas corpus petition filed pursuant to 28 U.S.C. § 2254. The matter was referred to United States Magistrate Judge Ellen S. Carmody, who issued a Report and Recommendation to deny the Petition. The matter presently is before the Court on Petitioner's Objections to the Report. Also before the Court is Petitioner's Motion for Evidentiary Hearing.

**I.**

This Court reviews *de novo* those portions of a Report to which specific objections are made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The Court may accept, reject or modify any or all of the Magistrate Judge's findings or recommendations. 28 U.S.C. § 636(b)(1).

Petitioner raises a variety of objections, only one of which requires discussion. Petitioner contends that he is entitled to an evidentiary hearing in this Court to establish whether appellate counsel was ineffective in failing to seek an evidentiary hearing on Petitioner's motion to withdraw his guilty plea. Petitioner argues that an evidentiary hearing would have shown that he was not competent to enter the plea. The Report did not directly address this component of Petitioner's

second habeas ground of ineffective assistance of appellate counsel.

Petitioner's claim that appellate counsel was ineffective for not seeking an evidentiary hearing on Petitioner's competency was not exhausted in the state courts. Before this Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *See O'Sullivan*, 526 U.S. at 842; *Picard v. Connor*, 404 U.S. 270, 275-77 (1971) (cited by *Duncan v. Henry*, 513 U.S. 364, 365 (1995) and *Anderson v. Harless*, 459 U.S. 4, 6 (1982)). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court. *Duncan*, 513 U.S. at 365-66; *Silverburg v. Evitts*, 993 F.2d 124, 126 (6th Cir. 1993); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845. Presentation of an issue for the first time on discretionary review to the state supreme court does not fulfill the requirement of "fair presentation." *Castille v. Peoples*, 489 U.S. 346, 351 (1989). Applying *Castille*, the Sixth Circuit holds that a habeas petitioner does not comply with the exhaustion requirement when he fails to raise a claim in the state court of appeals, but raises it for the first time on discretionary appeal to the state's highest court. *See Dunbar v. Pitcher*, No. 98-2068, 2000 WL 179026, at *1 (6th Cir. Feb. 9, 2000); *Miller v. Parker*, No. 99-5007, 1999 WL 1282436, at *2 (6th Cir. Dec. 27, 1999); *Troutman v. Turner*, No. 95-3597, 1995 WL 728182, at *2 (6th Cir. Dec. 7, 1995); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). Unless the state

supreme court actually grants leave to appeal and reviews the issue, it remains unexhausted in the state courts. *Castille*, 389 U.S. at 451. Here, Petitioner raised the question of appellate counsel's ineffective assistance in failing to request a competency hearing only on discretionary review to the Michigan Supreme Court. The claim therefore was not exhausted on direct appeal.

Petitioner subsequently filed a motion for relief from judgment in the Lake County Circuit Court. While the record before the Court does not include Petitioner's actual motion for relief from judgment, the February 19, 2004 order denying that motion suggests that Petitioner did not argue that appellate counsel had rendered ineffective assistance by failing to seek an evidentiary hearing on the motion to withdraw the plea. The order also suggests that Petitioner did not seek an evidentiary hearing in the trial court. (*See* Dkt. No. 36, 2/19/04 Cir. Ct. Ord.) Moreover, Petitioner's appellate briefs to the Michigan Court of Appeals and the Michigan Supreme Court fail to argue that appellate counsel was ineffective for neglecting to seek such a hearing. Indeed, in those briefs, Petitioner fails even to argue the need for an evidentiary hearing on the issue of competency; he merely argues that the trial court's denial of the motion to withdraw the plea was an abuse of discretion and clearly erroneous. (*See* Dkt. Nos. 36, 37.) As a consequence, Petitioner has failed to exhaust this claim of ineffective assistance of appellate counsel.

"If the claims presented in the federal court were never actually presented in the state courts, but a state procedural rule now prohibits the state court from considering them, the claims are considered exhausted, but are procedurally barred." *Cone v. Bell*, 243 F.3d 961, 967 (6th Cir. 2001) (citing *Coleman*, 501 U.S. at 752-53), *rev'd on other grounds*, 535 U.S. 635 (2002). Under Michigan law, Petitioner has no remaining remedies, as he is barred from filing a second motion for relief from judgment. *See* Mich. Ct. R. 6.502(G)(1) (permitting only one such motion). The Court

therefore must consider whether there exists cause and prejudice excusing Petitioner's failure to fairly present his claim in state court. *See Gray v. Netherland*, 518 U.S. 152, 161-62 (1996); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). To show cause sufficient to excuse a failure to raise his habeas claims, Petitioner must point to "some objective factor external to the defense" that prevented him from raising the issue in his motion for relief from judgment. *See Murray v. Carrier*, 477 U.S. 478, 488 (1986); *McCleskey v. Zant*, 499 U.S. 467, 497 (1991). A petitioner who fails to demonstrate cause and prejudice has no cognizable habeas claim. *Gray*, 518 U.S. at 162. Further, where a petitioner fails to show cause, the court need not consider whether he has established prejudice. *See Engle v. Isaac*, 456 U.S. 107, 134 n.43 (1982); *Leroy v. Marshall*, 757 F.2d 94, 100 (6th Cir. 1985).

Petitioner fails entirely to assert cause excusing his default. He raises no objective factor preventing him from asserting his claim that appellate counsel was ineffective for failing to seek an evidentiary hearing. The claim therefore is barred on habeas review.

Even were Petitioner's claim not procedurally defaulted, he would not be entitled to an evidentiary hearing in this Court. Not every set of non-frivolous allegations entitles a habeas corpus petitioner to an evidentiary hearing. *Blackledge v. Allison*, 431 U.S. 63, 80 (1977). The decision whether to order an evidentiary hearing to settle disputed issues of material fact is discretionary with the Court. *See* Rule 8(a), RULES GOVERNING § 2254 CASES (directing judge to make determination of whether evidentiary hearing is required); *Stanford v. Parker*, 266 F.3d 442, 459 (6th Cir. 2001). "Generally, a habeas petitioner is entitled to an evidentiary hearing in federal court if the petition 'alleges sufficient grounds for release, relevant facts are in dispute, and the state courts did not hold a full and fair evidentiary hearing.'" *Stanford*, 266 F.3d at 459 (quoting *Wilson v. Kemna*, 12 F.3d

4

145, 146 (8th Cir. 1994)). "'[B]ald assertions and conclusory allegations do not provide sufficient ground to warrant requiring the state to respond to discovery or to require an evidentiary hearing." *Id.* (quoting *Zettlemoyer v. Fulcomer*, 923 F.2d 284, 301 (3d Cir. 1991)); *see also Bowling v. Parker*, 344 F.3d 487, 512 (6th Cir. 2003). Further, 28 U.S.C. § 2254(e)(2) "bars the grant of an evidentiary hearing to a defendant who 'has failed to develop the factual basis of a claim in State court proceedings' unless certain exceptions are met." *Ivory v. Jackson*, 509 F.3d 284, 297 (6th Cir. 2007) (quoting *Bowling v. Parker*, 344 F.3d 487, 512 (6th Cir. 2003)). The Supreme Court has explained that "a failure to develop the factual basis of a claim is not established unless there is lack of diligence, or some greater fault, attributable to the prisoner or the prisoner's counsel." *Williams v. Taylor*, 529 U.S. 420, 432 (2000). However, where a petitioner diligently sought an evidentiary hearing in the state courts but was not afforded such hearing, the heightened standard of 28 U.S.C. § 2254(e)(2) does not bar grant of an evidentiary hearing in federal court. *See McFarland v. Yukins*, 356 F.3d 688, 712 (6th Cir. 2004) (holding that proscription of 28 U.S.C. § 2254(e)(2) limiting evidentiary hearings does not apply where evidentiary hearing diligently was requested in state courts).

Petitioner argues that he has diligently requested an evidentiary hearing at all levels of the state court proceedings. His claim is not supported by the record. The only time Petitioner requested an evidentiary hearing was in his *pro per* application for leave to appeal to the Michigan Supreme Court. The supreme court denied leave to appeal. In his motion for relief from judgment, Petitioner did not renew his request for an evidentiary hearing on appellate counsel's failure to seek an evidentiary hearing on competency. For the same reasons that presentation of an issue on discretionary review only does not satisfy the exhaustion requirement, such limited presentation is

insufficient to demonstrate the diligence required by § 2254(e)(2). Quite simply, Petitioner was not diligent. He therefore is not entitled to an evidentiary hearing in this Court. Both his Objections on this issue and his Motion for Evidentiary Hearing are rejected.

The Court carefully has considered each of Petitioner's remaining Objections to the Report and finds no error. The Report therefore is adopted as modified by this Opinion.

## II.

For the foregoing reasons, Petitioner's Objections to the Report of the Magistrate Judge are denied and the Report is adopted as modified in this Opinion. Petitioner's Motion for Evidentiary Hearing is also denied.

Under 28 U.S.C. § 2253(c)(2), the Court must next determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."

*Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of petitioner's claims. *Id.*

The Court finds that reasonable jurists could not find this Court's dismissal of each of Petitioner's claims was debatable or wrong. Therefore, the Court will deny Petitioner a certificate of appealability.

A Final Order consistent with this Opinion shall issue.


|  |  |
|---|---|
| DATED in Kalamazoo, MI:<br>September 26, 2008 | /s/ Richard Alan Enslen<br>RICHARD ALAN ENSLEN<br>SENIOR UNITED STATES DISTRICT JUDGE |