UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———

MARIO CAVIN,

                Petitioner,                Case No. 1:05-CV-140

v.                                                Honorable Richard Alan Enslen

HUGH WOLFENBARGER,

                Respondent.
_____/

## ORDER DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL AND DENYING CERTIFICATE OF APPEALABILITY

      This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254, challenging his 2000 convictions for two counts of second-degree murder, two counts of felony-firearm and one count of being a felon in possession of a firearm. On September 26, 2008, the Court entered an Opinion and Final Order dismissing the Petition. The Court also denied Petitioner a certificate of appealability. The Order of Dismissal followed the Court's *de novo* review of Petitioner's Objections to the Report and Recommendation of the Magistrate Judge. Petitioner has now filed a Notice of Appeal, a Motion to Proceed on Appeal *in forma pauperis* and a Motion for Certificate of Appealability.

      Sixth Circuit Internal Operating Procedure 5.1 provides that a $450.00 docketing fee and a $5.00 filing fee must be paid to the district court when a notice of appeal is filed. Petitioner was permitted to proceed before this Court *in forma pauperis*. Pursuant to Rule 24(a) of the Federal Rules of Appellate Procedure, he may continue that status on appeal unless this Court certifies that

his appeal is not taken in good faith. Good faith is judged objectively and an appeal is taken in good faith when it seeks review of an issue that is not frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1961). Detailed reasons for dismissal of the Petition were provided in both the Report and Recommendation and the Court's Opinion dismissing the Petition.

The Court reaffirms its decision and finds that the issues on which Petitioner might seek review are frivolous. The Court, therefore, certifies that the appeal is not taken in good faith. If Petitioner wishes to proceed with his appeal, he must pay the $455 appellate fee to the Clerk of this Court with 30 days of this Order. Alternatively, Petitioner may file a motion for leave to proceed *in forma pauperis* in the Court of Appeals pursuant to the requirement set forth in FED. R. APP. P. 24(a)(5).

In its Opinion and Final Order, the Court concluded that Petitioner was not entitled to a certificate of appealability. Petitioner now has filed a separate Motion for Certificate of Appealability, which the Court will construe as a request to reconsider its earlier denial.

Under the amended provisions of the Habeas Corpus Act, a petitioner may not appeal in a habeas case unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1). Amended Rule 22 of the Federal Rules of Appellate Procedure extends to district judges the authority to issue a certificate of appealability. FED. R. APP. P. 22(b). *See Lyons v. Ohio Adult Parole Auth.*, 105 F.3d 1063, 1073 (6th Cir. 1997). The filing of a notice of appeal that does not specify the issues that petitioner seeks to have reviewed on appeal will be deemed a request for review of all issues. *In re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997) (Admin. Ord.). Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of

2

appealability should be granted. A certificate should issue if petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

To warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 326 (2003). In applying this standard, the court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of petitioner's claims. *Id.*

Applying this standard, this Court finds no basis for issuance of a certificate of appealability. The Court already has rejected Petitioner's claims of constitutional error under the standards set forth in the Antiterrorism and Death Penalty Act. Petitioner has not pointed to any flaw in the Court's reasoning or any issue of fact or law overlooked in the adjudication of his Petition. The Court finds that reasonable jurists could not find that this Court's dismissal of Petitioner's claims was debatable or wrong, and therefore, the Court will deny Petitioner a certificate of appealability. Accordingly:

**IT IS HEREBY ORDERED** that Petitioner's Application to Proceed Without Prepayment of Fees and Affidavit (Dkt. No. 83) is **DENIED**. The Court certifies that the appeal is not taken in good faith.

**IT IS FURTHER ORDERED** that Petitioner's Motion for Certificate of Appealability (Dkt. No. 81) is **DENIED**.

DATED in Kalamazoo, MI:            /s/ Richard Alan Enslen
        October 27, 2008            RICHARD ALAN ENSLEN
                                    SENIOR UNITED STATES DISTRICT JUDGE